IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE INTEREST OF AVERY S. & IZABEL S.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF AVERY S. & IZABEL S.,
CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,
V.
KATHERINE J., APPELLANT.

Filed April 22, 2014.    No. A-13-843.

Appeal from the Separate Juvenile Court of Douglas County: WADIE THOMAS, Judge. Reversed and remanded for further proceedings.

Jeff Wagner and Liam K. Meehan, of Schirber & Wagner, L.L.P., for appellant.

Donald W. Kleine, Douglas County Attorney, and Erin Hurley for appellee.

INBODY, Chief Judge, and MOORE and PIRTLE, Judges.

PIRTLE, Judge.

INTRODUCTION

Katherine J. appeals from an order of the separate juvenile court of Douglas County finding that it was in the best interests of her two minor children, Avery S. and Izabel S., to remain in the temporary custody of the Nebraska Department of Health and Human Services (Department). Katherine contends that the petition and motion for temporary custody were not sufficient under the Indian Child Welfare Act (ICWA), and she challenges the court's determination that ICWA did not apply to the case. She also contends that the State failed to meet its burden to show that continued detention of the children was necessary. Based on the reasons that follow, we reverse, and remand for further proceedings.

- 1 -

Katherine is the biological mother of Avery and Izabel. On August 14, 2013, the State filed a petition alleging that Avery, who was 13 years old, and Izabel, who was 10 years old, came within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008) because they lacked proper parental care by reason of the faults or habits of Katherine, in that Katherine has four other children, Ramsey M., Franco M., Zoa M., and Antonio M., who have been in the custody of the Department since December 2010 and have remained in foster care since that time; that Katherine has failed to reunify with these other four children despite being provided active efforts, due to lack of progress and/or failure to comply with court-ordered services; that Katherine had used excessive discipline on a sibling of the minor children in November 2008, causing a broken leg and resulting in a criminal charge in Iowa; that Katherine has failed to provide proper parental care, support, and/or supervision of the children; and that due to these allegations, the children were at risk of harm. The petition does not contain any allegations under ICWA.

The State also filed a motion for temporary custody on August 14, 2013, requesting that the Department be given immediate temporary custody of the children. An affidavit of Betsy Miller, a family permanency specialist, was included with the motion. Neither the motion nor the affidavit contains any information regarding Avery's or Izabel's eligibility for enrollment with a tribe or allegations under ICWA.

The juvenile court entered an order for immediate custody the same day, placing Avery and Izabel in the temporary custody of the Department, for placement in foster care or other appropriate placement. Placement was to exclude the home of Katherine.

A hearing was held on August 28, 2013. Katherine entered a plea of denial to the allegations in the petition, and the State requested continued detention of the children. The juvenile court heard testimony from Miller, the ongoing caseworker in the juvenile case involving Katherine's other four children; Avery and Izabel's father; and Katherine.

Miller testified that she had been the caseworker for the juvenile case involving Ramsey, Franco, Zoa, and Antonio since October 2011. She testified that as part of her investigation for the case involving Avery and Izabel, she reviewed the information she had as the caseworker for Katherine's other children. Miller recommended that Avery and Izabel be placed in the home of their father and that Katherine's visits be supervised.

Katherine testified that she is a member of the Chickasaw Nation Tribe (the Tribe). She presented a certification of citizenship, indicating that she is a member of the Tribe. Katherine stated that because of her family lineage, Avery and Izabel are eligible for enrollment in the Tribe. She testified that Ramsey, Franco, Zoa, and Antonio are members of the Tribe and that their eligibility comes from her family lineage. An ICWA notice sent to Katherine by the Department in the case involving Ramsey, Franco, Zoa, and Antonio was also offered and received into evidence.

At the end of the hearing, Katherine's counsel argued that the juvenile court could not enter a detention order because the pleadings were insufficient in that they did not allege that ICWA applied. Counsel argued that the State was aware that ICWA applied in the case involving

Avery and Izabel based on the Department's involvement with Katherine's other children and the ICWA notice that was offered into evidence in regard to those four children.

Following the hearing, the juvenile court entered a detention/protective custody order finding that it was in the best interests of Avery and Izabel to remain in the temporary custody of the Department, with placement to include the home of the children's father and to exclude the home of Katherine. Katherine was granted supervised visitation.

The court also found that although ICWA applied in the case involving Ramsey, Franco, Zoa, and Antonio, the court had received no information or notification from any tribe as of the date of its order in regard to whether Avery and Izabel are either tribal members or eligible for membership in a tribe. The court ordered the Department to notify the Chickasaw Nation, Bureau of Indian Affairs, and the Secretary of the Interior of the juvenile action involving Avery and Izabel and to obtain a determination as to whether ICWA applied in regard to the children.

## ASSIGNMENTS OF ERROR

Katherine assigns that the juvenile court erred in (1) detaining the minor children when the petition and motion for temporary custody were not sufficient under ICWA, (2) finding that ICWA did not apply to the case, and (3) finding that the State presented sufficient evidence to warrant the Department's continued custody of Avery and Izabel.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Nery V. et al.*, 20 Neb. App. 798, 832 N.W.2d 909 (2013). When the evidence is in conflict, however, an appellate court may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id.*

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

## ANALYSIS

Katherine assigns that the juvenile court erred in detaining Avery and Izabel because the petition and motion for temporary custody were not sufficient under ICWA. She argues that the State failed to plead the application of ICWA in the petition or in the motion for temporary custody, even though it knew or should have known that Avery and Izabel were eligible for enrollment in the Tribe.

Neb. Rev. Stat. § 43-1505 (Reissue 2008) sets forth guidelines for state courts to follow in involuntary proceedings when the court knows or has reason to know that an Indian child is involved. The following subsections of § 43-1505 are relevant to our analysis:

> (4) Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under state law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

- 3 -

(5) No foster care placement may be ordered in [an involuntary] proceeding [in a state court] in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

(6) No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

This court has previously addressed ICWA pleading requirements in several different contexts. *In re Interest of Sabrienia B.*, 9 Neb. App. 888, 621 N.W.2d 836 (2001), was a case where this court addressed ICWA pleading requirements in the context of a termination of parental rights proceeding. In that case, the State failed to include ICWA language in its motion for termination, although the parties had stipulated that the child was Indian and that ICWA would be applicable to any termination proceedings. The State's motion for termination included language under the general termination statute, see Neb. Rev. Stat. § 43-292 (Reissue 2008), but it failed to include any specific ICWA language under § 43-1505(4) and (6). The mother in *In re Interest of Sabrienia B.* demurred to the motion for termination, claiming that because the State's motion did not include any ICWA language, the allegations in the motion did not "'articulate an essential element to sustain a finding and Order of termination.'" 9 Neb. App. at 890, 621 N.W.2d at 839. The juvenile court denied the demurrer and terminated the mother's parental rights. The juvenile court concluded that the State had proved the requirements of § 43-1505(4) and (6), even though no ICWA language appeared in the motion. The mother appealed, alleging, among other things, that the juvenile court erred in finding that the State's motion stated a cause of action.

On appeal, this court held that ICWA's requirement of "active efforts" is separate and distinct from the "reasonable efforts" provision of § 43-292(6) and therefore requires the State to plead active efforts by the State to prevent the breakup of the family. *In re Interest of Sabrienia B., supra.* This court determined that the State's motion failed to state a cause of action for termination of parental rights under ICWA. We found the State's failure to include the relevant ICWA language in its motion was not remedied by the fact that the applicability of ICWA had been discussed in court and that the juvenile court specifically found that the State had proved the relevant ICWA requirements. This court reversed the order of termination, granting the State leave to amend its motion on remand.

This court applied the rationale of *In re Interest of Sabrienia B.* to an adjudication proceeding in *In re Interest of Dakota L. et al.*, 14 Neb. App. 559, 712 N.W.2d 583 (2006). In that case, the State filed a petition alleging that the children were within the meaning of § 43-247(3)(a) and also filed a motion for temporary custody, requesting that temporary custody of the children be placed with the Department. Neither the original petition nor the motion for temporary custody included any allegations under ICWA. The juvenile court ordered that temporary custody be given to the Department, with placement to exclude the mother's home. At a first appearance and detention/protective custody hearing, the court was informed that ICWA

was applicable and that the children were enrolled in an Indian tribe. The court informed the mother of her rights, including the enhanced evidentiary standard of ICWA. An ICWA notice was then sent to the applicable tribe. Subsequently, the State filed an amended petition with the court, which petition included ICWA language in its allegations. Then, for reasons not important to our analysis, at the adjudication hearing, the court proceeded with the adjudication hearing on the original, rather than the amended, petition. The juvenile court adjudicated the children under § 43-247(3)(a), made a finding in the adjudication order that ICWA applied to the proceedings, and found that certain allegations of the petition were true by clear and convincing evidence. The court made no specific findings under ICWA.

On appeal to this court, the mother alleged, among other things, that the State's petition failed to meet the pleading requirements of ICWA, infringing her due process rights. This court applied the rationale of *In re Interest of Sabrienia B.*, 9 Neb. App. 888, 621 N.W.2d 836 (2001), and concluded that in an action for adjudication of Indian children, it is necessary to plead facts under ICWA. *In re Interest of Dakota L. et al., supra.* This court observed that although the State filed an amended petition including allegations under ICWA, the court did not adjudicate the children on that petition. We determined that it was error for the court to proceed under the original petition, which did not allege facts under ICWA, despite the fact that the mother had been served with the amended petition and had been notified in court of the ICWA's applicability. We also concluded that the court erred in proceeding on the original petition, which had been superseded by the amended petition. Accordingly, we reversed the order of adjudication and remanded the cause for an adjudication under an appropriate amended petition, with directions to the court to make specific findings as required by § 43-1505.

In another case, *In re Interest of Shayla H. et al.*, 17 Neb. App. 436, 764 N.W.2d 119 (2009), the State filed a petition to adjudicate the children pursuant to § 43-247(3)(a) and a motion for temporary custody. Neither the petition nor the motion for temporary custody included any allegations under ICWA. An ex parte order was entered, and the children were placed in foster care. A hearing on the State's motion for temporary custody was held, and a copy of a letter from the Rosebud Sioux Tribe indicating the children's eligibility for enrollment was received into evidence. A Department protection and safety worker indicated that the Department was aware that the children's father was enrolled with the Tribe. The Department worker did not know whether the Tribe had been contacted about the pending juvenile case. Based on the evidence presented at the hearing, the court continued the children's temporary custody with the Department, but continued the hearing to allow for expert testimony relative to the provisions of ICWA and to allow for notice to the Tribe.

The matter came on for hearing for adjudication on the petition and further hearing on the out-of-home placement of the children under the applicable standards of ICWA. At the conclusion of the hearing, the father argued, based on this court's ruling in *In re Interest of Dakota L. et al.*, 14 Neb. App. 559, 712 N.W.2d 583 (2006), that the petition should be dismissed because it did not include any ICWA allegations. The juvenile court entered an order adjudicating the children and overruled the father's motion to dismiss the petition based upon the lack of ICWA allegations in the petition.

On appeal, the father argued that the juvenile court erred in failing to sustain his motion to dismiss the petition and, in doing so, failed to follow the decisions from this court regarding

pleadings under ICWA. We noted that neither the petition nor the motion for temporary custody included any allegations under ICWA, and we determined, based on the language in the petition and motion, that placement outside the family home was contemplated by both the petition and the motion. We concluded that allegations under ICWA were required in the petition and motion for temporary custody. Therefore, we found that the juvenile court erred in failing to sustain the father's motion to dismiss made at the adjudication hearing. We noted that the defects in the State's petition and motion appeared capable of being cured by amendment. Accordingly, we reversed, and remanded for further proceedings consistent with the opinion.

In the present case, like *In re Interest of Shayla H. et al., supra*, neither the petition nor the motion for temporary custody included any allegations under ICWA and Katherine's counsel argued at the detention hearing that the court could not enter an order because the petition and motion did not meet the pleading requirements of ICWA. Relying on *In re Interest of Shayla H., supra*, as well as *In re Interest of Sabrienia B.*, 9 Neb. App. 888, 621 N.W.2d 836 (2001), and *In re Interest of Dakota L. et al., supra.*, discussed above, we conclude that allegations under ICWA were required in the petition and motion for temporary custody.

At the time the State filed the petition and motion, there was an open juvenile case involving Katherine's other children, Ramsey, Franco, Zoa, and Antonio. The case had been open for over 2 years and was in the Douglas County Juvenile Court, the same court as the present case. The State was obviously aware of the case involving Ramsey, Franco, Zoa, and Antonio, given that the reasons set forth in the petition to adjudicate Avery and Izabel were all based on allegations involving Ramsey, Franco, Zoa, and Antonio and their open juvenile case. In addition, the Department was aware that ICWA was applicable in the case involving Ramsey, Franco, Zoa, and Antonio, because it had sent Katherine an ICWA notice.

Therefore, we conclude that at the time the State filed its petition and motion for temporary custody in this case, it was aware that Katherine's other children were members of the Tribe or at least that ICWA was applicable to their case. Accordingly, the State knew or should have known that ICWA applied in the case involving Avery and Izabel. Thus, based on the facts of this case, the State was required to set forth allegations under ICWA in the petition and motion for temporary custody. Based on the State's failure to do so, the juvenile court erred in entering an order detaining the children and should have dismissed the petition.

Based on our resolution of Katherine's first assignment of error, we need not address her other assignments of error. See *In re Trust Created by Hansen*, 281 Neb. 693, 798 N.W.2d 398 (2011) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

The juvenile court erred in detaining the minor children when the petition and motion for temporary custody failed to set forth allegations under ICWA. Accordingly, we reverse the decision of the juvenile court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.